**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JEREMY ROSSMEISL AND GUY LAUTURE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>A.C. MOORE ARTS & CRAFTS, INC.,<br><br>Defendant. | COLLECTIVE ACTION COMPLAINT<br><br>Civ. A. No. 1:17-cv-10219 |

Plaintiffs Jeremy Rossmeisl and Guy Lauture ("Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys, Outten & Golden LLP, Shavitz Law Group, P.A., and Fair Work, P.C. upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and all other current and former Assistant General Managers (collectively "AGMs") who have worked for A.C. Moore Arts & Crafts, Inc. ("A.C. Moore" or "Defendant").

2. A.C. Moore owns and operates 140 stores located along the east coast in approximately 16 states, including 13 stores in the state of Massachusetts.

3. A.C. Moore employs AGMs in its stores to perform customer service, cashiering, merchandising, and other non-exempt duties.

4. At all times relevant, it has been A.C. Moore's policy to uniformly classify AGMs as exempt from federal and state overtime provisions and not to pay AGMs any overtime wages.

5. Notwithstanding the fact that A.C. Moore classifies them as exempt, the primary

1

duties of AGMs are non-exempt. AGMs primarily perform the same hourly customer service and cashiering duties as non-exempt hourly associates when the stores are understaffed. They also perform routine operations work, such as unpacking and stocking merchandise, setting up store displays, and assisting customers.

6. The primary duties of AGMs do not fall under any of the exemptions under federal or state overtime laws.

7. A.C. Moore regularly requires AGMs to work in excess of 40 hours per week. However, because, A.C. Moore classifies AGMs as exempt, it fails to pay them any overtime compensation for those hours worked over 40 in a workweek.

8. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of A.C. Moore who elect to opt in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and specifically the collective action provision, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by A.C. Moore that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

9. Under federal law, employees must be paid one and one-half times their regular rate of pay for all hours over 40 worked in a week, unless they qualify for a statutory exemption. AGMs do not qualify for any exemption.

10. Through the conduct described in this Collective Action Complaint, A.C. Moore has violated federal law. Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, bring these claims and seek unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and all other available and appropriate relief to which they and other AGMs are entitled.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

12. This Court also has jurisdiction over the claims brought under the FLSA pursuant to 29 U.S.C. § 216(b).

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the acts or omissions giving rise to claims in this Collective Action Complaint took place in this judicial district.

**THE PARTIES**

**Plaintiffs**

**Jeremy Rossmeisl**

15. Plaintiff Jeremy Rossmeisl is an adult individual residing in Lynn, Massachusetts. Plaintiff worked for A.C. Moore as an AGM in its Hyannis, Massachusetts store from approximately September 3, 2012 until April 11, 2014.

16. Plaintiff Rossmeisl regularly worked over 40 hours per workweek. A.C. Moore never paid Plaintiff Rossmeisl overtime premium pay for any hours worked in excess of 40 in any workweek.

17. Plaintiff Rossmeisl is a covered employee within the meaning of the FLSA.

18. Plaintiff Rossmeisl has consented to join this action and has completed a written consent form, a copy of which is attached as **Exhibit A** to this Collective Action Complaint.

**Guy Lauture**

19.     Plaintiff Guy Lauture is an adult individual residing in Teaneck, New Jersey. Plaintiff worked for A.C. Moore as an AGM in its Paramus, New Jersey location from approximately January 21, 2013 until approximately June 16, 2014.

20.     Plaintiff Lauture regularly worked over 40 hours per workweek, and often 50 or more hours per workweek.  A.C. Moore never paid Plaintiff Lauture overtime premium pay for any hours worked in excess of 40 in any workweek.

21.     Plaintiff Lauture is a covered employee within the meaning of the FLSA.

22.     Plaintiff Lauture has consented to join this action and has completed a written consent form, a copy of which is attached as **Exhibit B** to this Collective Action Complaint.

**Defendant**

23.     Defendant A.C. Moore is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business in Berlin, New Jersey.

24.     Through its own activities in Massachusetts and those of its agents, subsidiaries and divisions, A.C. Moore has subjected itself to the jurisdiction of the state of Massachusetts.

25.     Throughout the relevant period, A.C. Moore employed Plaintiffs and similarly situated employees within the meaning of the FLSA.  A.C. Moore has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

26.     A.C. Moore is a covered employer within the meaning of the FLSA, and, at all times relevant, employed Plaintiffs and similarly situated employees.

27.     At all times relevant, A.C. Moore maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

28. A.C. Moore employs the same policies, practices, and procedures to all AGMs.

29. At all times relevant, A.C. Moore's annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

30. Plaintiffs bring this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for A.C. Moore as AGMs at any store location in the United States, between December 1, 2010 and December 1, 2016 in Maine and New York and between December 1, 2013 and December 1, 2016 in all other states, who elect to opt in to this action (the "FLSA Collective").

31. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by A.C. Moore, and/or A.C. Moore has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

32. As part of its regular business practice, A.C. Moore has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This pattern, practice, and/or policy includes, but is not limited to:

   a. willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

   b. willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

   c. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of A.C. Moore.

33. A.C. Moore is aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA

Collective, an overtime premium for hours worked in excess of 40 per workweek.

34. Plaintiffs and the FLSA Collective all perform or performed the same or similar primary duties.

35. A.C. Moore's unlawful conduct has been widespread, repeated, and consistent.

## COMMON FACTUAL ALLEGATIONS

36. At all relevant times, Plaintiffs and the FLSA Collective (collectively "Collective Members") worked as AGMs for A.C. Moore.

37. Throughout their employment with A.C. Moore, Plaintiffs and the FLSA Collective consistently worked more than 40 hours per workweek.

38. A.C. Moore regularly required its AGMs to work more than 40 hours each week.

39. A.C. Moore was aware that Plaintiffs and the FLSA Collective worked more than 40 hours per workweek, yet it failed to pay them any compensation for any hours worked over 40 in a workweek.

40. A.C. Moore did not keep accurate records of hours worked by Plaintiffs and the FLSA Collective. That is, Plaintiffs' and the FLSA Collective members' hours are not recorded on paystubs, and Plaintiffs and the FLSA Collective members were never required to clock in or out, or otherwise record their time.

41. Plaintiffs and the FLSA Collective members' primary duties were non-exempt duties. The majority of their time was spent performing the same duties as the hourly-paid, non-exempt associates and hourly-paid managers, such as unpacking and stocking merchandise, setting up store displays, and cashiering.

42. Plaintiffs and the FLSA Collective members spent a substantial amount of time on customer service activities, such as attending to the needs of existing and prospective customers by answering questions about store products.

43. Plaintiffs and the FLSA Collective members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by A.C. Moore.  Plaintiffs and the FLSA Collective did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

44. Plaintiffs' and the FLSA Collective members' duties did not include managerial responsibilities or the exercise of independent judgment.  Plaintiffs and the FLSA Collective did not determine staffing levels, decide what products and services are to be sold, establish marketing objectives or initiatives, or make any other major strategic or business decisions of the store.

45. AGMs' presence at applicant interviews was not required, and there was no requirement that their opinion on hiring be given any weight.

46. Upon information and belief, the decision to classify Plaintiffs and the FLSA Collective as exempt was made centrally at Defendant's corporate headquarters, and not on a person-by-person basis.

47. A.C. Moore controlled and directed the performance of Plaintiffs' and the FLSA Collective members' work.

48. A.C. Moore's violations have been willful and intentional.  While it has known that Plaintiffs and other AGMs performed non-exempt duties as their primary duties and

regularly worked more than forty hours per workweek, Defendant classified AGMs as exempt and failed to pay them any compensation for the hours they worked over 40 in a workweek.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***
**On Behalf of Plaintiffs and the FLSA Collective**

49.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

51.     At all times relevant, Plaintiffs and the FLSA Collective members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52.     At all times relevant, Plaintiffs and the FLSA Collective members were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53.     At all times relevant, Defendant has been an employer of Plaintiffs and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and supporting federal regulations apply to Defendant and protect Plaintiffs and the FLSA Collective.

55.     Defendant has failed to pay Plaintiffs and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours in a workweek and to which they are entitled under the FLSA.

56.     Defendant's violations of the FLSA, as described in this Collective Action

Complaint, have been willful and intentional.  Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former AGMs.

57.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated AGMs have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

59.     Based on the foregoing, Defendant's willful conduct in this regard entitles Plaintiffs and all other similarly situated AGMs who opt into this litigation to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs pursuant to 29 U.S.C. § 216(b).

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs claim:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiffs as collective action representatives;

c. Appropriate equitable and injunctive relief to remedy Defendant's violations of law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

d. Unpaid overtime wages under the Fair Labor Standards Act;

e. Liquidated damages under the Fair Labor Standards Act;

f. Pre-Judgment and Post-Judgment interest, as provided by law;

g. Reasonable incentive awards for the Plaintiffs to compensate them for the time and effort they spent protecting the interests of other AGMs, and the risks they undertook;

    h.    Attorneys' fees and costs under the Fair Labor Standards Act; and

    i.    Such other injunctive and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: February 8, 2017

                Respectfully submitted,

                /s/ Hillary Schwab
                Hillary Schwab (BBO No. 666029)
                Brant Casavant (BBO No. 672614)
                **FAIR WORK, P.C.**
                192 South Street, Suite 450
                Boston, MA 02111
                Telephone: (617) 607-3260
                Facsimile: (617) 488-2261

                **OUTTEN & GOLDEN LLP**
                Justin M. Swartz
                    (*pro hac vice* application forthcoming)
                Deirdre Aaron
                    (*pro hac vice* application forthcoming)
                Chauniqua D. Young (*pro hac vice*)
                3 Park Avenue, 29th Floor
                New York, New York 10016
                Telephone: (212) 245-1000
                Facsimile: (212) 977-4005

                **SHAVITZ LAW GROUP, P.A.**
                Gregg I. Shavitz
                    (*pro hac vice* application forthcoming)
                1515 S. Federal Highway, Suite 404
                Boca Raton, FL 33432
                Telephone: (561) 447-8888
                Facsimile: (561) 447-8831

                ***Attorneys for Plaintiffs and the Putative Collective***