IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------------- :
GUY LAUTURE AND JEREMY ROSSMEISL, on behalf of :
themselves and all others similarly situated,                              :  No. 17-cv-10219-JGD
                                                                           :
                              Plaintiffs,                                  :
                                                                           :
                     - against -                                           :
                                                                           :
A.C. MOORE ARTS & CRAFTS, INC.,                                            :
                                                                           :
                              Defendant.                                   :
---------------------------------------------------------------------------- :

**ORDER APPROVING SETTLEMENT, INCENTIVE AWARDS,
COSTS, AND EXPENSES AND AUTHORIZING NOTICE**

June 8, 2017

DEIN, U.S.M.J.

This matter came before the Court on Plaintiffs' Assented-To Motion for Approval of Settlement, Service Awards, and Attorneys' Fees and Costs ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the supporting Memorandum of Law in Support of the Motion for Settlement Approval (the "Memorandum"), and the Declarations of Justin M. Swartz, Gregg I. Shavitz, and Hillary Schwab and supporting exhibits, the Court hereby finds as follows:

**The Settlement Is Approved**

1.     The Court approves and incorporates by reference all of the definitions contained in the Joint Stipulation of Settlement and Release.

2.     The Court hereby approves the $2,900,000.00 settlement.  Courts approve FLSA

settlements that are reached as a result of contested litigation to resolve bona fide disputes.  *See, e.g.*, *Curtis v. Scholarship Storage Inc.*, No. 14 Civ. 303, 2016 WL 3072247, at *2 (D. Me. May 31, 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)); *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp. 3d 258, 261 (D. Mass. 2015); *Scovil v. FedEx Ground Package Sys., Inc.*, No. 10 Civ. 515, 2014 WL 1057079, at *1 (D. Me. Mar. 14, 2014).

   3. Here, the settlement meets the standard for approval.  The settlement followed adequate informal discovery and arm's-length negotiations with the assistance of a mediator, a former Magistrate Judge from the Eastern District of Pennsylvania, the Honorable Diane Welsh. Recognizing the uncertain legal and factual issues involved, the parties reached their settlement after attending a private mediation session supervised by Judge Welsh.

   **The Settlement Procedure Is Approved**

   4. A one-step approval process is appropriate in FLSA settlements that do not include proposed Federal Rule of Civil Procedure 23 class releases.  *See, e.g*, *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016); *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014); *Bozak v. Fedex Ground Package Sys., Inc.*, No. 11 Civ. 738, 2014 WL 3778211, at *2 (D. Conn. July 31, 2014); *Dixon v. Zabka*, No. 11 Civ. 982, 2013 WL 2391473, at *1-2 (D. Conn. May 23, 2013); *Campbell v. Advantage Sales & Mktg. LLC*, No. 09 Civ. 1430, 2012 WL 1424417, at *1 (S.D. Ind. Apr. 24, 2012); *Aros v. United Rentals, Inc.*, Nos. 10 Civ. 73, *et al.*, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012); *Powell v. Lakeside Behavioral Healthcare, Inc.*, No. 11 Civ. 719, 2011 WL 5855516, at *1 (M.D. Fla. Nov. 22, 2011). "Unlike Federal Rules of Civil Procedure Rule 23 class actions, FLSA collective actions require similarly situated

employees to affirmatively opt-in [in order to] be bound by any judgment." *Cunha v. Avis Budget Car Rental, LLC,* No. 16 Civ. 10545, 2016 WL 6304432, at *2 (D. Mass. Oct. 26, 2016) (citation omitted); *Pike v. New Generation Donuts, LLC*, No. 12 Civ. 12226, 2016 WL 707361, at *3 (D. Mass. Feb. 20, 2016). Because individuals who do not opt in to an FLSA lawsuit may bring their own separate suits, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions. *O'Connor v. Oakhurst Dairy*, No. 14 Civ. 00192, 2015 WL 2452678, at *4 (D. Me. May 22, 2015) ("The due process safeguards built into Rule 23 class actions are not necessary in the FLSA collective action context."). The Court finds that a one-step settlement approval process is appropriate here.

5. The Settlement Notice attached to the Joint Stipulation of Settlement and Release is approved. Counsel for the parties shall make the necessary corrections to fill in the blank dates in the Settlement Notice. The Settlement Notice sufficiently informs Eligible Settlement Class Members of the allocation formula, the steps Class Members must follow in order to participate, the consequences of non-participation, the estimated monetary amount to which they are entitled under the settlement, the scope of the release, the time Class Members have to cash their settlement checks (120 days from the issuance of Settlement Checks), the request for attorneys' fees and costs, and other terms of the settlement. *See, e.g.*, *Lapan v. Dick's Sporting Goods, Inc.*, No. 13 Civ. 11390, 2015 WL 8664204, at *3 (D. Mass. Dec. 11, 2015) (approving class notice that, *inter alia*, described settlement terms and options to participate); *Michaud v. Monro Muffler Brake, Inc.*, No. 12 Civ. 00353, 2015 WL 1206490, at *10 (D. Me. Mar. 17, 2015) (approving "notices [that]. . . communicate accurate information about the suit in order to enable potential collective action members to make informed decisions about whether to participate" (internal quotation marks omitted)); *Bozak*, 2014 WL 3778211, at *3 (approving

FLSA notice providing notice of settlement terms and options facing class); *Prena*, 2015 WL 2344949, at *1 (approving one-step settlement notice when it was "sufficiently in plain English to explain the important points: the terms of the settlement, the allocation formula, the amount of the entitlement, how to opt-in, and that cashing the check is equivalent to releasing the claim").

6.     The plan for sending the Settlement Notice as proposed by Plaintiffs is approved.

**The Incentive Awards Are Approved**

7.     Incentive awards of $15,000 to each Named Plaintiffs are approved. The amount shall be paid from the Gross Settlement Amount.

8.     Plaintiffs in class and collective actions play a crucial role in bringing justice to those who may otherwise have no access to judicial enforcement of their rights. "Incentive awards serve to promote class action settlements by encouraging named plaintiffs to participate actively in the litigation in exchange for reimbursement for their pursuits on behalf of the class overall." *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 352 (D. Mass.), *aff'd,* 809 F.3d 78 (1st Cir. 2015). "Because a named plaintiff is an essential ingredient of any class action, an incentive or service award can be appropriate to encourage or induce an individual to participate in the suit." *Scovil*, 2014 WL 1057079, at *6. In wage and hour cases, "awards of $10,000 and $15,000 are not uncommon and on occasion reach $20,000, $30,000 and higher." *Id*. (summarizing cases). Incentive awards are particularly important in employment litigation. *See Bozak*, 2014 WL 3778211, at *4 ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers." (quoting *Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007) (internal quotation marks omitted)); *see generally* Nantiya Ruan,

*Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006); *see also Shahriar v. Smith & Wollensky Rest. Group, Inc.,* 659 F.3d 234, 244 (2d Cir. 2011) (recognizing benefits of plaintiffs bringing wage and hour collective and class litigation because, without them, other employees may not assert their rights due to fears "of retaliation or of being 'blackballed' in [their] industry . . . .").

9. Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, the public nature of a collective action filing, and any other burdens they sustain. *See e.g., Scovil,* 2014 WL 1057079, at *6; *Aros,* 2012 WL 3060470, *3. Accordingly, incentive awards are commonly awarded to those who serve the interests of the class. *Scovil,* 2014 WL 1057079, at *6; *In re Celexa & Lexapro Mktg. & Sales Practices Litig.,* No. MDL 09-2067, 2014 WL 4446464, at *9 (D. Mass. Sept. 8, 2014) ("The purpose of [] incentive awards is to reimburse the plaintiffs for their effort in pursuing the claims on behalf of the entire class."); *Bussie v. Allamerica Fin. Corp.,* No. 97 Civ. 40204, 1999 WL 342042, at *3-4 (D. Mass. May 19, 1999) (noting courts consider, *inter alia,* efforts of the named plaintiff in granting awards).

10. In examining the reasonableness of a requested incentive award, courts consider: "(1) the steps these individuals have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, (3) the amount of time and effort they have expended in pursuing the litigation, and (4) any negative effects that they have risked." *Scovil,* 2014 WL 1057079, at *6; *Bozak,* 2014 WL 3778211, at *4. Here, Plaintiffs satisfy all factors.

11. The Court finds that Named Plaintiffs protected the interests of potential collective action members by taking actions that resulted in a substantial benefit. They participated in a pre-suit investigation, provided information and documents crucial to establishing Plaintiffs' claims, and assisted Plaintiffs' counsel in analyzing documents and preparing for mediation. Courts routinely approve incentive awards for similar contributions. *See, e.g.*, *Scovil*, 2014 WL 1057079, at *7-8 (approving $15,000 incentive awards to plaintiffs who provided assistance throughout the lawsuit and discussing comparable awards in other district courts); *DeLeon v. Wells Fargo Bank, N.A.*, No. 12 Civ. 4494, 2015 WL 2255394, at *7 (S.D.N.Y. May 11, 2015) (approving $15,000 incentive award to plaintiff for "participating in a lawsuit against her former employer and the efforts she made on behalf of the class, including producing documents, continuously speaking with Class Counsel, and actively participating in the mediation").

12. The Court finds that Plaintiffs' actions conferred a substantial benefit on the class.

13. The Court finds that Plaintiffs spent a significant amount of time and effort in pursuing this matter on behalf of the Eligible Settlement Class Members. This included the time and effort they expended assisting Plaintiffs' Counsel in investigating the claims and preparing for the mediation. *See DeLeon*, 2015 WL 2255394, at *7. Without the Named Plaintiffs' efforts, there would be no settlement and the Eligible Settlement Class Members would not be entitled to any relief.

14. The Court finds that Plaintiffs undertook substantial direct and indirect risk. The Named Plaintiffs agreed to bring this public action in their name, to be deposed if necessary, and to testify if there was a trial. The Named Plaintiffs also assumed significant risk that "should the suit fail, [they could] find [themselves] liable for the defendant's costs or even, if the suit [was]

held to have been frivolous, for the defendant's attorneys' fees." *Espenscheid v. DirectSat USA, LLC,* 688 F.3d 872, 876-77 (7th Cir. 2012). "The incentive reward is designed to compensate [them] for bearing these risks." *Id.*; *Aros*, 2012 WL 3060470, at *3 ("Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts." (quoting *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at * 1 (S.D.N.Y. Feb. 9, 2010))).

15. Accordingly, the Court approves incentive awards of $15,000 each to the two Named Plaintiffs, Guy Lauture and Jeremy Rossmeisl, for their service to the collective members.

### Fees and Costs of the Settlement Administrator and Plaintiffs' Counsel's Expenses Are Approved

16. The Court approves the reimbursement of costs and expenses of $9,793. The Court approves the Settlement Administrator's fees and costs of $29,000. These fees and costs are reasonable and will be paid from the Gross Settlement Amount.

17. The Court reserves decision on the amount of attorneys' fees to be awarded.

18. As soon as practicable following the expiration of the Claim Period, Plaintiffs shall file with the Court a declaration detailing the results of the claims administration process, including the total number of Claim Forms received and the percentage of the settlement amount that Eligible Settlement Class Members claimed. Plaintiffs may also submit a supplemental memorandum of law in support of their request for attorneys' fees.

### Dismissal and Post-Judgment Procedure

19. Upon the fulfillment of all settlement terms, the Litigation will be dismissed with prejudice.

20. The Court will retain jurisdiction over this action for the purposes of ruling on

Plaintiffs' request for attorneys' fees and enforcing the Joint Stipulation of Settlement and Release.

21. The parties shall abide by all terms of the Joint Stipulation of Settlement and Release, which are incorporated herein, and this Order.

It is so ORDERED this 8th day of June, 2017

                                               / s/ Judith Gail Dein  
                                               Honorable Judith G. Dein  
                                               United States Magistrate Judge